UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY L. BEAVERS,

    Plaintiff,                           CIVIL ACTION NO. 14-CV-12305

vs.                                  DISTRICT JUDGE GEORGE CARAM STEEH

                                        MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Johnny Beavers seeks judicial review of Defendant the Commissioner of Society Security's determination that he is not entitled to Social Security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 12). Plaintiff filed a Response to Defendant's Motion. (Docket no. 13.) The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

I.    Recommendation

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 11) be GRANTED and that Defendant's Motion for Summary Judgment (docket no. 12) be

1

DENIED.

## II. Procedural History

Plaintiff filed an application for Disability Insurance Benefits with a protective filing date of December 18, 2011; he filed an application for Supplemental Security Income with a protective filing date of January 24, 2012. In both applications, he alleged that he had been disabled since November 16, 2011, due to back problems and depression. (*See* TR 17, 19.) The Social Security Administration denied benefits. (*See* TR 17.) Plaintiff requested a *de novo* hearing, which was held on November 29, 2012, before Administrative Law Judge (ALJ) Timothy J. Christensen, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 17-28.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

## III. Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

Plaintiff (docket no. 11 at 5-14), Defendant (docket no. 12 at 5-11), and the ALJ (TR 22-26) each set out a detailed factual recitation with regard to Plaintiff's medical record, Plaintiff's hearing testimony, and the VE's testimony. There are no material inconsistencies between these three accounts of the record with the exception of the ALJ's discussion of Dr. Jack Belen's examination notes as discussed herein; therefore, the undersigned will incorporate these factual recitations by reference. Additionally, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

## IV. Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2013; that he had not engaged in substantial gainful activity since November 16, 2011, his alleged onset date; and that he suffered from severe stenosis and arthropathy in the lumbar spine and depression. (TR 19.) The ALJ then found that his impairments did not meet or equal those listed in the Listing of Impairments. (TR 19-22.) The ALJ found, however, that Plaintiff's allegations regarding the extent of his symptoms were not wholly credible and that Plaintiff could perform light work with the following additional limitations:

> [The claimant] requires a sit/stand option, but by exercising the sit/stand option the claimant would not be off task. The claimant is able to perform postural activities only occasionally. He is limited to performing simple, routine, and repetitive work with only occasional changes in the work setting and occasional contact with others.

(TR 22-26.)

The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing work at the light level, including that of an assembler, packager, or sorter; and work at the sedentary level, including that of a sorter, assembler, or lobby gate attendant. (TR 26-27.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from November 16, 2011, through the date of his decision. (TR 27.)

## V. Law and Analysis

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining

3

whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

  **B.**  **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)  Plaintiff was not presently engaged in substantial gainful employment; and

(2)  Plaintiff suffered from a severe impairment; and

(3)  the impairment met or was medically equal to a "listed impairment;" or

(4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.  Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six

remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be remanded because (1) "[t]he ALJ impermissibly rejected the opinions of Dr. Belen based upon an erroneous belief that the doctor did not actually examine plaintiff," and (2) the ALJ erred when he neither relied on any of the medical opinions of record nor did he properly articulate his rationale for rejecting the same. (Docket on. 11 at 15-20.)

    **1.** Dr. Belen's Opinions

On August 16, 2012, Plaintiff saw Dr. Jack Belen for a consultative examination. As part of the examination, Dr. Belen reviewed Plaintiff's medical records. Additionally, however, Dr. Belen performed a physical examination where he determined as follows:

> [Plaintiff is] of normal stance and structure.
>
> Deep tendon reflexes are absent in the lower extremities and subdued in the upper extremities.
>
> Straight leg raising on the left side results in low back pain and posterolateral left leg pain with left leg elevation to 50 degrees.
>
> Light touch sensation is intact in the lower extremities.
>
> There is tenderness in the lumbosacral paraspinal musculature bilaterally.

> There are 30 degrees of forward flexion in the low back and 10 degrees of hyperextension. These motions are associated with significant low back pain worsening at the limits of the motions.
>
> Manual motor testing does not show any focal deficits in the lower extremities.

(TR 307-08.) After his review, Dr. Belen provided his opinion:

> It is my opinion that the aforementioned conditions did come about as a direct result of the work related injury that is noted above at the time of the car accident on October 12, 2011. This patient is disabled from work at the present time. He does require narcotic analgesia. He should follow with a chronic pain clinic. Surgical remediation may be indicated. He has failed thus far with conservative treatment as well as injections. The prognosis is guarded. He must limit his activities.
>
> He is disabled from any type of work at the present time.

(TR 308.)

The ALJ assigned "little weight" to Dr. Belen's opinion, in part because "[t]here [wa]s no indication that Dr. Belen performed a physical examination of the claimant." (TR 25.) Plaintiff asserts that this erroneous statement impugns the ALJ's decision because he did not properly consider the evidence of record. (Docket no. 11 at 15-17.) Defendant acknowledges that the ALJ erred in finding that Dr. Belen did not examine Plaintiff but asserts that any such error is harmless because the ALJ gave other reasons for discounting Dr. Belen's opinion and because Dr. Belen's physical findings were cumulative. (Docket no. 12 at 16-17.) Plaintiff argues, however, that regardless of any additional reasons for discounting Dr. Belen's opinion, the ALJ may have weighed the opinion differently if he had realized that Dr. Belen did, in fact, examine Plaintiff. (Docket no. 13 at 5-6.)

Whether the ALJ would have weighed the opinion differently, though, is inapposite, as

7

the Dr. Belen's opinion is patently deficient as it relates to disability. It is well settled that the ultimate issue of disability is reserved to the Commissioner and not the treating or examining physician. *Kidd v. Comm'r*, 283 Fed. Appx. 336, 341 (6th Cir. 2008). Thus, when a medical or non-medical source offers an opinion on "an issue reserved to the Commissioner, such as whether the claimant is disabled, the ALJ need not accord that opinion controlling weight." *Id.* (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)). As the ALJ noted, to the extent that Dr. Belen found Plaintiff "disabled from work," the ALJ did not err in affording the opinion little weight. (*See* TR 25.) Moreover, though, the remainder of Dr. Belen's opinion speaks in terms of diagnoses and prognoses; the only functional limitation on which the ALJ could rely is Dr. Belen's opinion that Plaintiff should "limit his activities." (*See* TR 308.) This vague, general statement provides no basis upon which the ALJ could have derived functional limitations. And notably, Plaintiff fails to suggest what additional functional limitations the ALJ should have included in his RFC based on affording Dr. Belen's opinion greater weight. Indeed, Plaintiff appears to assert that the ALJ should have adopted Dr. Belen's opinion that Plaintiff was disabled, which the ALJ is not required to do. Therefore, Plaintiff's Motion should be denied in this regard.

### 2. The Medical Opinions of Record

Plaintiff's second argument dovetails with his first in that he challenges the ALJ's discussion of all of the medical opinions of record, including that of Dr. Belen. (Docket no. 11 at 18-20.) In his decision, the ALJ discussed the opinions of Dr. James Tripp, a reviewing state agency psychologist; Dr. Dawit Teklehaimanot, Plaintiff's treating physician; Dr. Katherine

8

Karo, a consultative examiner; and Dr. Belen. (TR 25.) Plaintiff points out that the ALJ accorded each of these opinions "little weight" and also found that they conflicted with each other. (Docket no. 11 at 18-20.) That is, the ALJ found that Dr. Teklehaimanot's opinion was inconsistent with his own findings and with the findings of Drs. Patel and Karo; that Dr. Karo's opinion was internally inconsistent and inconsistent with the findings of Drs. Patel and Karo;1 and that Dr. Belen's opinion was inconsistent with the findings of Drs. Patel and Karo. (*See* TR 25.) And because the ALJ accorded each opinion the same weight, it is unclear what he relied in in reaching his decision. (Docket no. 11 at 18-20.) The undersigned agrees.

The opinion of an examining source is generally accorded more weight than is the opinion of a source who did not examine the claimant. 20 C.F.R. § 404.1527(c)(1). The opinion of a state agency medical or psychological consultant is reviewed in the same manner as is the opinion of a nonexamining physician or psychologist. 20 C.F.R. §404.1527(e). Additionally, the Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. § 404.1527(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."

---

1 The ALJ states that Dr. Karo's "opinion that the claimant requires a cane for ambulation is not supported by the findings of Dr. Patel or Dr. Karo." (TR 25.) The phraseology used in this sentence, particularly in context where the ALJ also found Dr. Karo's opinion internally inconsistent, begs the question of whether the ALJ intended to find the opinion unsupported by the findings of Dr. Patel and Dr. Karo or Dr. Patel and some other physician of record. While not dispositive, this finding does not help clarify the ALJ's rationale.

*Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)).

Individually, the ALJ did provide sufficient rationale for the weight he gave to each of the opinions of record discussed above. Nevertheless, because the ALJ did not rely on any of these medical opinions, the evidence on which he did rely in reaching his determination of Plaintiff's RFC is unclear. As Plaintiff notes, "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Simpson v. Comm'r of Soc. Sec.*, 344 App'x 181, 194 (6th Cir. 2009) (quotation omitted). While the ALJ may have relied on the findings of other physicians of record in this matter, such as Drs. Johnson, Tong, Smeed, Patel, Bothra, or Chudler, his findings are unclear. Therefore, while Defendant is correct that the ALJ is charged with weighing the evidence, this matter should be remanded for further discussion of the ALJ's rationale with regard to the medical opinions of record.

## VI. Conclusion

For the reasons stated herein, Plaintiff's Motion for Summary Judgment [11] should be GRANTED and Defendant's Motion for Summary Judgment [12] should be DENIED.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 3, 2015             s/ Mona K. Majzoub
                                MONA K. MAJZOB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:  June 3, 2015            s/ Lisa C. Bartlett
                                Case Manager

11